UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 20, 2013

LETTER TO COUNSEL:

RE: *Russell Dickens v. Commissioner, Social Security Administration*;
Civil No. SAG-12-3708

Dear Counsel:

On December 18, 2012, the Plaintiff, Russell Dickens, petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits and supplemental security income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, Mr. Dickens's Supplemental Memorandum, Mr. Dickens's Line, and the Commissioner's Response. (ECF Nos. 15, 17, 19, 21, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Dickens filed his claims on March 26, 2010, alleging disability beginning on May 1, 2001.[1] (Tr. 125-35). His claims were denied initially on August 23, 2010 and on reconsideration on April 4, 2011. (Tr. 51-57, 60-63). A hearing was held on July 18, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 24-46). Following the hearing, the ALJ determined that Mr. Dickens was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14). The Appeals Council denied Mr. Dickens's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Dickens suffered from the severe impairments of osteoarthritis, asthma/chronic obstructive pulmonary disease, lung nodule, and alcohol and opioid dependence. (Tr. 16). Despite these impairments, the ALJ determined that Mr. Dickens retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can perform occasional stooping, twisting, crouching, kneeling, crawling, balancing and climbing stairs and ramps, but can perform no climbing of ladders, ropes or scaffolds.

---

[1] At the hearing, Mr. Dickens amended his onset date to the date of his SSI application. (Tr. 14).

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Dickens could perform his past relevant work as a security guard, both as he actually performed it and as it is generally performed. (Tr. 23).

Mr. Dickens presents two arguments on appeal. First, he argues that the ALJ never addressed his need to avoid pulmonary irritants in several steps of the disability evaluation. Second, he argues that this Court should remand this case to the Commissioner on the basis of the agency's subsequent award of SSI benefits. Both arguments lack merit, and each is addressed in turn.

Mr. Dickens's argument concerning the ALJ's failure to consider his pulmonary restrictions is composed of three sub-parts. First, he argues that the ALJ did not consider the presence of pulmonary irritants in his past relevant work as a security guard. Second, he argues that the ALJ's RFC finding did not include any pulmonary restrictions. Third, he notes that the ALJ's hypothetical to the VE also did not include any pulmonary restrictions. With respect to his past relevant work, Mr. Dickens believes his pulmonary disease limits the amount of environmental irritants he can tolerate. He points to several medical records demonstrating the severity of his disease, including a series of emergency room visits in 2009, and the assessments of his primary care physician, Dr. Matthew Adler, who indicated that temperature extremes, dust, and fumes could worsen his pulmonary condition. (Tr. 427-29, 454-56). Mr. Dickens takes issue with the ALJ's finding that he is capable of performing work as a security guard because that occupation could expose him to the very environmental irritants, such as dust and fumes, that his doctor recommended he avoid.

The ALJ concluded that Mr. Dickens is capable of performing past relevant work as a security guard based upon a light work RFC finding with postural limitations. (Tr. 23). The RFC finding was based upon consultative examinations, treatment notes, and other medical records showing that Mr. Dickens suffers from asthma, COPD, and lung nodules. The ALJ accorded "significant weight" to a March 2011 RFC assessment by a medical consultant, which indicated that Mr. Dickens can occasionally lift or carry up to 20 pounds, stand for a total of six hours per day, and sit for a total of six hours per day. (Tr. 405). The ALJ also found that the light work RFC was supported by a consultative examination in February 2011 by Dr. Valarao that described Mr. Dickens as being able to lift or carry up to fifty pounds, but unable to stand for long periods of time. (Tr. 400). That examination also noted the "several and gross discrepancies of the patient's claimed limitations versus the physical examination findings." (Tr. 403). Other medical opinions support the ALJ's finding that Mr. Dickens is capable of light work. A consultative examination from 2008 classified Mr. Dickens's asthma as "moderate intermittent" with some daily symptoms that are triggered by noncompliance with medications and smoking. (Tr. 235).

The ALJ gave "little weight" to Dr. Adler's opinions showing that Mr. Dickens is limited to lifting ten pounds and standing and walking only one to two hours in an eight hour day. (Tr. 22). The ALJ reasoned that there was an "absence of findings in his treatment records to support his [Dr. Adler's] conclusions." *Id*. Contrary to the sedentary work that Dr. Adler recommended,

the ALJ found that Mr. Dickens had no problem performing many activities of daily living. *Id.* The ALJ pointed to a function report by Mr. Dickens's cousin showing that he is capable of cleaning, cooking, and dressing. (Tr. 160-68). Moreover, the ALJ noted that Mr. Dickens's medical records show that his lung nodule is stable and his "asthma and chronic obstructive pulmonary disease is [sic] being successfully treated with inhalers and allergy medication, and there is no indication of severe symptoms." *Id.* Given this evidence, I find that the ALJ properly considered Mr. Dickens's pulmonary condition in determining whether he could perform his past relevant work as a security guard. In so finding, I also affirm the ALJ's light work RFC determination because it is supported by substantial evidence. I disagree with Mr. Dickens's contention that the ALJ did not consider any pulmonary restrictions in the RFC finding. Mr. Dickens's own hearing testimony and medical records indicate that his pulmonary conditions are exacerbated not by environmental irritants such as dust and fumes, but by physical activity. (Tr. 36, 38, 232, 235). The ALJ properly accounted for this by including postural limitations to the RFC.

Mr. Dickens also argues that the ALJ failed to include a pulmonary restriction in his hypothetical with the VE. Given my conclusion that the ALJ's light work RFC finding with postural limitations is supported by substantial evidence, the ALJ had no obligation to include the restriction. The ALJ "has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at \*5 (4th Cir. Jan. 11, 1999) (citing *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986)). In the ALJ's first hypothetical with the VE, he assumed the claimant was capable of light work with the functional limitations of "occasional stooping, twisting, kneeling, crawling, balancing, climbing stairs and ramps, and no climbing ladders, ropes, or scaffolds." (Tr. 45). Based on this hypothetical, the VE concluded that Mr. Dickens was capable of performing his past work. The job of a security guard, as it is generally performed, does not require exposure to pulmonary irritants.[2] *See* U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* 45, Appendix D-2 (1993) (indicating that a security guard position in any industry does not include exposure to atmospheric conditions such as "fumes, noxious odors, dusts, mists, gases, and poor ventilation that affect the respiratory system, eyes, or the skin"); *see also* 1991 WL 673100. The ALJ's failure to address pulmonary irritants, then, is harmless error. *See McClellan v. Comm'r Soc. Sec. Admin.*, No. SAG-12-1767, 2013 WL 1703879, at \*4 (D. Md. April 18, 2013) (finding that any error in failing to include a restriction in a hypothetical that was not required in the DOT job description was harmless); *Hyson v. Astrue*, No. BPG-10-0308, at \*7 (D. Md. June 27, 2012) (same).

---

[2] Even if the presence of pulmonary irritants in the parking garage where Mr. Dickens previously worked posed an issue, it would not affect Mr. Dickens's ability to perform the job of security guard as it is generally performed. A claimant is capable of past relevant work if he can perform it either as actually performed or as generally performed. *See* SSR 82-61 ("[I]f the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'").

Finally, Mr. Dickens argues that the agency's subsequent award of SSI benefits constitutes new and material evidence, thus a remand of this case to the agency is appropriate. I disagree. On December 12, 2012, one week after the Appeals Council denied his request for review, Mr. Dickens filed a new claim for SSI. *See* Pl.'s Supplemental Mem. Ex. 1, (ECF No. 19). The agency approved the new claim on June 24, 2013, awarding Mr. Dickens SSI benefits effective December 12, 2012. *Id.* In light of the subsequent award, Mr. Dickens contends that the agency should reconsider his original SSI claim. He states, without providing any medical records, that there was no change in his medical condition during the period between the ALJ's decision denying benefits on September 27, 2012, and December 12, 2012. Similarly, he argues that his past relevant work experience during that time period did not change. Therefore, he posits, the ALJ's decision denying benefits, which "rested in the assumption that Dickens could perform past relevant work," is contradictory to the agency's subsequent decision granting SSI benefits. Pl.'s Supplemental Mem. 3.

Pursuant to sentence six of 42 US.C. § 405(g), a reviewing court may order the agency to review additional evidence related to a denied claim. Sentence six states in relevant part that:

> The court may…at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C.A. § 405(g). When invoking sentence six, a court does not either affirm or reverse the Commissioner's decision. *Melkonyan v. Sullivan,* 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* The Fourth Circuit has not expressly addressed in a published opinion whether a subsequent finding of disability itself constitutes new and material evidence.[3] District Courts within the Fourth Circuit, and other federal courts, have taken varying approaches to the question. Some courts have determined that, in cases where the disability onset date was close in proximity to the prior denial of benefits, the subsequent award warrants a sentence six remand. *See, e.g., Hayes v. Astrue,* 488 F.Supp.2d 560, 565 (W.D.Va. 2007) (remanding where the subsequent award used an onset date one day after an unfavorable decision); *Reichard v. Barnhart,* 285 F.Supp.2d 728, 734 (S.D.W.Va. 2003) (remanding where the subsequent award used an onset date less than one week after an unfavorable decision); *Osborne v. Astrue*, No. TMD 11-1124M, 2013 WL 436512, at *3 (D. Md. Feb. 4, 2013) (remanding where a subsequent award became effective one day after the ALJ concluded that the claimant was not disabled). Other courts have found that, even with close proximity between the date of denial and the subsequent onset date, subsequent awards alone do not constitute new and

---

[3] In a recent unpublished decision, the Fourth Circuit quoted the holding of *Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646 (6th Cir.2009) that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." *Baker v. Comm'r of Soc. Sec.*, No. 12-1709, 2013 WL 1866936, *1 n. (4th Cir. May 6, 2013) (unpublished decision) (quoting *Allen*, 561 F.3d at 653).

material evidence because of the possibility of intervening circumstances. *See, e.g., Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 654 (6th Cir. 2009) (finding remand unwarranted because the claimant failed to show that "the subsequent decision was supported by new and material evidence that [the claimant] had good cause for not raising in the prior proceeding"); *Atkinson v. Astrue,* No. 5:10–CV–298–FL, 2011 WL 3664346 (E.D.N.C. July 20, 2011) (collecting cases and determining that exclusive reliance on a subsequent award does not establish the existence of new and material evidence); *Johnson v. Astrue,* No. 3:09–2458–JMC–JRM, 2010 WL 6089082, at *8 (D.S.C. Nov. 16, 2010) (relying on *Allen* and holding that a subsequent favorable decision alone does not merit remand); *Sayre v. Astrue,* No. 3:09–01061, 2010 WL 4919492, at *4 (S.D.W.Va. Nov. 29, 2010) (adopting the *Allen* rationale).

Having reviewed the cases adopting both approaches, I agree with the rationale set forth by the *Allen* and *Atkinson* courts. As was noted in those cases, Mr. Dickens's Notice of Award itself does not summarize the evidentiary basis for the second decision. Without any updated medical records or evidence, I cannot find that Mr. Dickens has met his burden to establish new and material evidence. *See Baker*, 2013 WL 1866936, at *1 n. ("Baker has not met her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal.").

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge